

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 22 A 11: 20

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-287 |
| BRYAN ANTHONY THOMAS, SR. | SECTION "F" |

### ORDER AND REASONS

Before the Court is Bryan Anthony Thomas, Sr.'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons that follow, the defendant's motion is DENIED.

### Background

In January 2001, the defendant pled guilty in Section "T" of this court to one count of wire fraud and one count of money laundering. In connection with this plea, the government dismissed one count of bank fraud and 158 counts of money laundering.

The plea agreement included the following appellate waiver:

> The defendant hereby expressly waives the right to appeal his sentence on any ground . . . and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following:
> a. Any punishment imposed in excess of a statutory maximum, and
> b. Any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.

1

Fee____
Process___
X Dktd___
CtRmDep___
Doc. No.___

In July 2001, Section "T" of this court sentenced the defendant to 60 months imprisonment as to the wire fraud count and 97 months imprisonment as to the money laundering count, the sentences to run concurrently.

The defendant now seeks to vacate his sentence.

## I.

"[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary." United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). This requires that the defendant "know that he had a right to appeal his sentence and that he was giving up that right." United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994) (quoting United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992)) (internal quotes omitted).

In certain limited circumstances, however, a defendant can avoid his waiver of appeal. An ineffective assistance of counsel claim may survive the waiver of appeal, if the claim directly addresses the voluntariness of the waiver or the validity of the plea. See United States v. White, 307 F.3d 336, 337 (5th Cir. 2002). A defendant can also avoid a waiver of appeal if the government breaches the plea agreement. See United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002).

## II.

The defendant has articulated no claims that survive his waiver of appeal, and has presented no evidence that his plea and

waiver of appeal were not knowing and voluntary. Accordingly, his motion under § 2255 must be denied.

The defendant's plea and waiver of appeal were knowing and voluntary. The defendant contends that they were not knowing and voluntary because he pled and waived his appeal rights before he knew what his sentence would be. However, as long as the defendant is aware of the maximum sentence that he could receive, as he was, then he is aware of the consequences of his guilty plea. See <u>United States v. Pearson</u>, 910 F.2d 221, 223 (5th Cir. 1990). The defendant's plea agreement contained the following paragraph: "The defendant further understands that the maximum penalty he may receive if his plea of guilty is accepted is 5 years imprisonment, a fine, or both as to count 1; and 20 years imprisonment as to count 3, a fine or both." The plea agreement also stated that the defendant "fully understands the terms of this agreement."

The defendant knowingly and voluntarily signed a plea agreement that contained a waiver of appeal. The fact that the defendant waived his appeal rights prior to receiving his sentence is of no importance. The defendant was aware of the sentence that he could receive. See <u>id</u>. The circumstances of the defendant's waiver of appeal have already been examined by the Fifth Circuit, which concluded that the waiver was knowing and voluntary. See <u>United States v. Thomas</u>, No. 01-30905, 2002 WL 493913, at *1 (5th Cir. Mar. 11, 2002). The defendant's plea agreement required him

3

"to forego his right to relief in appeal just like this one, and he knew that when he signed it. We will therefore hold him to his word." White, 307 F.3d at 344.

The defendant has no right to this § 2255 proceeding. His sentence as to count 1 was the statutory maximum, and his sentence as to count 2 was below the statutory maximum. Both sentences were within the recommended guideline range. The defendant's plea agreement preserved his appeal rights only if his sentence exceeded the statutory maximum or constituted an upward departure from the guideline range. Those conditions are not fulfilled here.

Accordingly, the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is DENIED.[1]

New Orleans, Louisiana, June 21, 2005.

MARTIN L. C. FELDMAN

UNITED STATES DISTRICT JUDGE

---

[1] Because the defendant's motion is denied on the waiver of appeal issue, the Court does not address the alternative arguments raised by the defendant or the Government.