UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRYAN ANTHONY THOMAS, SR.                         CRIMINAL ACTION

VERSUS                                            NO. 00-287

UNITED STATES OF AMERICA                          SECTION F


ORDER AND REASONS

Before the Court is Bryan Anthony Thomas, Sr.'s, Motion for Reconsideration of the Court's Order and Judgment of August 26, 2005.  For the reasons that follow, the petitioner's motion is DENIED.

**Background**

In January 2001, the defendant pled guilty in Section "T" of this Court to one count of wire fraud and one count of money laundering.  In connection with his plea, the government dismissed one count of bank fraud and 158 counts of money laundering.

The plea agreement included the following appeals waiver:

The defendant hereby expressly waives the right to appeal his sentence on any ground...and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.  The defendant, however, reserves the right to appeal the following:
    a.  any punishment imposed in excess of a statutory maximum, and
    b.  any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.

1

In July 2001, defendant was sentenced to 60 months imprisonment as to the wire fraud count and 97 months imprisonment as to the money laundering count, the sentences to run concurrently.

On May 11, 2005, Thomas moved to vacate his sentence under 28 U.S.C. 2255. The Court denied Thomas' petition for habeas relief on August 26, 2005.

On October 19, 2005, the defendant filed a motion for reconsideration of the Court's August 26, 2005 judgment denying habeas relief.

## I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990).

The Court originally issued its judgment denying petitioner's motion for habeas relief on June 22, 2005. However, the judgment of June 22, 2005 was revoked on August 26, 2005 because of a clerical error, and the Court reissued a judgment denying petitioner's motion for habeas relief on August 26, 2005. Thomas

filed his present motion for reconsideration on October 19, 2005.

Petitioner's motion for reconsideration was filed more than ten days after the Court's entry of judgment. However, as a result of Hurricane Katrina, Chief Judge Berrigan suspended all civil deadlines in the Eastern District of Louisiana from August 29, 2005 to November 25, 2005. Thus, because of the suspension, petitioner's motion for reconsideration is properly treated as a timely filed motion to alter or amend under Rule 59(e).

## II.

The Fifth Circuit has remarked that "a motion under Rule 60(b) is the equivalent of a second or successive habeas petition subject to the standard of section 2244(b)." Kutzner v. Cockrell, 303 F.3d 333, 338 (5th Cir. 2002); see also Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999) ("Our own court and other circuit courts have decided that Rule 60(b) motions should be construed as successive habeas petitions...."). In the same vein, the petitioner's Rule 59(e) motion is properly construed as a second § 2255 motion. See United States v. Anderson, No. 95-040, 1998 WL 512991, at *1-2 (E.D. La. 1998) (petitioner's Rule 59(e) motion is properly construed as a second § 2255 motion).

In his motion, Thomas contends that his guilty plea was not knowing or voluntary because he was misinformed about the Court's ability to increase his sentence beyond the statutory maximum. Further, Thomas contends that the Supreme Court's recent decision

in United States v. Booker should be applied retroactively and that, if it is applied retroactively, he has the right to attack his sentence because it exceeds the statutory maximum. __ U.S. __, 125 S.Ct. 738 (2005). Thomas has already had the opportunity to challenge the validity of his conviction in his original habeas petition. As such, the Court finds it appropriate to treat this motion as successive. See Kutzner, 303 F.3d 333, 338; Anderson, 1998 WL 512991, at *2. Because Thomas has not obtained authorization from the Court of Appeals to file a successive habeas petition, the Court lacks jurisdiction to hear this motion.

Accordingly, the defendant's motion for reconsideration of judgment is DENIED.

New Orleans, Louisiana, December 15, 2005.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE