U. S. DISTRICT COURT
Eastern District of Louisiana

FILED MAY 5 2006

LORETTA G. WHYTE
Clerk

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRYAN A. THOMAS, SR  : CRIMINAL ACTION
    Petitioner :
 : NO: 00-287
vs. : CA: 05-1831
 :
UNITED STATES OF AMERICA :
    Respondent : SECTION "F" (1)

## MOTION FOR CERTIFICATE OF APPEALABILITY

To the Honorable Martin L. C. Feldman;

Petitioner, Bryan A. Thomas, Sr., <u>pro se</u>, respectfully submits the following questions for certification and/or any modification in structure deemed necessary by this Honorable Court. The Questions presented are as follows:

I. DID THE DISTRICT COURT ERROR IN ITS DENIAL OF THE 28 U.S.C. § 2255 MOTION IN FAILING TO ADDRESS THE PREREQUISITE UNDER § 2255 ¶ 6(3), OF A MISINTERPRETATION OF 28 U.S.C. § 3553(b)(1) AND 18 U.S.C. § 1956(a)(1)(A)(i) OFFENSES AS BEING SENTENCING FACTORS?

II. DID THE DISTRICT COURT ERROR IN RECHARACTERIZING THE 59(e) MOTION IN VIOLATION OF <u>CASTRO V. UNITED STATES</u>, 537 U.S. 1170 (2003), THEREBY, FAILING TO ADDRESS THE MISCARRIAGE OF JUSTICE GATEWAY UNDER <u>DRETKE V. HALEY</u>, 124 S.CT 1847 (2004)?

___Fee___ Not paid.
___Process_____
_X_Dktd_____
_X_CtRmDep_____
___Doc. No._____

## STATEMENT OF FACTS

On May 11, 2005, Mr. Bryan A. Thomas, Sr., pro-se, filed a 28 U.S.C. § 2255 motion seeking adjudication under paragraph 6(3) and was denied August 26, 2005 (See Exhibit A). Petitioner then filed a legitimate Rule 59(e) motion which was denied as being a Federal Rule of Criminal Procedure 60(b) which was automatically deemed as a second § 2255 motion (See Exhibit B). This literal interpretation of the AEDPA violated the requirement of procedural warnings under <u>Castro v. United States</u>, 540 U.S. 375 (2003). As the Petitioner attempted to set forth the District Court's erroneous failure to rule on the Miscarriage of Justice gateway exception under <u>Dretke v. Haley</u>, 124 S.Ct 1847 (2004). (See § 2255 motion (pg. 21) and Rule 59(e) motion (pg. 6)). (See Exhibit C.)

## ADMINISTRATION AND DETENTION ORDER

On December 9, 2005, Petitioner was placed in Administrative Detention for being unable to provide urine in the alloted time period . Petitioner remained on Administrative Detention until he was placed in Disciplinary Segregation on January 5, 2006. Petitioner remained in Disciplinary Segregation until April 4, 2006. (See attached Incident Report 12/9/05, 2/9/06 and Disciplinary Hearing Officer Report 01/19/06 and 02/24/06 - respectively) (See Exhibit D). While on Administrative Detention, ("D" Block) and Disciplinary Segregation ("D" Block), Petitioner did not have access to the law library, copy machine and all legal materials deemed necessary to file the attached Certificate of Appealability timely to Judge Martin L. C. Feldman - Order and Reasons dated December 15, 2005.

Due to the aforementioned reasons, Petitioner respectfully requests this Honorable Court to accept his Certificate of Appealability.

-3-

I. DID THE DISTRICT COURT ERROR IN ITS DENIAL OF THE 28 U.S.C. § 2255 MOTION IN FAILING TO ADDRESS THE PREREQUISITE UNDER § 2255 ¶ 6(3) OF A MISINTERPRETATION OF 28 U.S.C. § 3553(b)(1) AND 18 U.S.C. § 1956(a)(1)(A)(i) OFFENSES AS BEING SENTENCING FACTORS?

### DEBATABLE AMONG JURIST OF REASON

The Supreme Court in Dodd v. United States, 545 U.S. ___, 162 L.Ed.2d 343, 125 S.Ct has confirmed this Circuit's holding of United STates v. Lopez, 248 F.3d 427 (5th Circuit 2001), in that the decision to make a new rule retroactive for purposes of this section [¶ 6(3)] can be made by any lower court. Dodd, supra at 2486 n.4. The Dodd court concurred with the Lopez court in that "the one year limitation period under ¶ 6(3) begins to run on the date which this court initially recognized the right asserted in an Applicant's motion, not the date on which the right was made retroactive." Id. supra, Dodd v. United States, 162 L.Ed.2d 343 demonstrated in § 2255 section II, pgs 8, 9 & 10 (See Exhibit E).

### DENIAL OF SUBSTANTIAL RIGHT

Under the Sixth Amendment and Double Jeopardy protections, the sole question is whether Congress intended to provide for separate offenses of loss calculation and punishments under Count 3, 18 U.S.C. § 1956(a)(1)(A)(i)?

After McMillan v. Pennsylvania, 477 U.S. 79 (1986), and until Apprendi v. New Jersey, 530 U.S. 466 (2000), through to Harris v. United States, 536 U.S. 545, 122 S.Ct 2406, 153 L.Ed.2d 524 (2002), this circuit reversed its case law as it found

the application of <u>Apprendi</u> to mandatory minimum sentences. Due to a split within its sister circuits, this circuit adopted the <u>Harris</u> court's holding that anything increasing the statutory minimum is a sentencing factor, not an element. <u>Harris</u>, 122 S.Ct at 2416 - See <u>United States v. Smith</u>, 296 F.3d 344 (5th Cir. 2002); <u>United States v. Solis</u>, 299 F.3d 420 (5th Cir. 2002). There is a debate among jurists of reason concerning a mandatory minimum sentencing range under Judicial fact finding of greater offenses brought under sentencing enhancements, never admitted to, and violative of Double Jeopardy protections.

## GUILTY PLEA

Where <u>Blakely</u> errors occur after a guilty plea where the defendant has either not been told that the State will seek a sentence on a greater offense or the defendant has not waived his rights to a jury determination of the additional facts beyond a reasonable doubt, it is beyond peradventure that a defendant could claim the failure to inform him of the elements of the greater offense upon which the trial entered judgment rendered his guilty plea involuntary, as a "plea cannot be voluntary in the [constitutional] sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process'." <u>Henderson v. Morgan</u>, 426 U.S. 637 644-45 (1976) (Citing <u>Smith v. O'Grady</u>, 312 U.S. 329, 334 (1941)). Accepting

that the facts which implicate <u>Blakely</u> are at least the functional equivalent of the elements of a greater offense, where a defendant is not informed of these additional elements in entering a guilty plea he has not been informed of "the true nature of the charge." See <u>Smith</u>, 312 U.S. at 334.

The now alleged misinterpretation of the criminal statutes of the admitted to counts of the indictment amount to "structural error". Such "structural error" not found beyond a reasonable doubt, in the example of the $10,000 amount in Count 3 money laundering statute 18 U.S.C. § 1956(a)(1)(A)(i) elements, violate Petitioner's Fifth Amendment, Double Jeopardy and Due Process rights. See <u>Apprendi</u>, at *20; <u>Gaudin</u>, 515 U.S. at 510; see also <u>Winship</u>, 397 U.S. at 364.

Structural errors do not require a showing of prejudice. Structural errors require automatic reversal, because the impact of the error on the jury's performance of its duties cannot be reviewed. The errors alleged certainly have a "substantial and injurious effect on influence in determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993), quoting <u>KoHeakos v. United States</u>, 328 U.S. 750 776 (1946). The government cannot prove that the errors were harmless beyond a reasonable doubt. <u>Chapman v. California</u>, 386 U.S. 18, 21-24 (1967). With that, how can it be said that a defendant's "simple admission" of facts not truly admitted to in the performance of the Rule 11 Plea Agreement, but supplemented by the District Court's

-6-

broad statement of its Right of Judicial Fact Finding of the greater offenses under § 3553(b)(1) can serve as a knowing and voluntary waiver of constitutional right to challenge a violation of the specific performance of the Plea Agreement, when the relevant statutory maximum sentence is exceptional?

A simple admission does not therefore speak to whether the person has knowingly and voluntarily waived his rights. Boykin, 395 U.S. at 242-43. Fed.R.Crim.P. Rule 11(b) (2004), clearly outlines the proper method for receiving defendant's waiver of rights. Because Rule 11(b) does not address all of the Apprendi rights, a colloquy based solely on the current version of Rule 11(b) is inadequate. Compare Fed.R.Crim.P. 11(b) to Hambi v. Rumsfield, 124 S.Ct 2633, 2646-49 (2004) (plurality); United States v. Cotton, 535 U.S. 625, 627 (2002); Apprendi, 530 U.S. at 482-84, 490, n.15; Jones, 526 U.S. at 243 n.6; In re Winship, 397 U.S. at 364.

II. DID THE DISTRICT COURT ERROR IN RECHARACTERIZING THE 59(e) MOTION IN VIOLATION OF CASTRO V. UNITED STATES 537 U.S. 1170 (2003), THEREBY, FAILING TO ADDRESS THE MISCARRIAGE OF JUSTICE GATEWAY UNDER DRETKE V. HALEY, 124 S.CT 1847 (2004)?

### CASTRO V. UNITED STATES

The Court declared in Castro v. United States, 537 U.S. 1170 (2003), that the court cannot ... recharacterize a pro-se litigant's [59(e)] motion as the litigant's second § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject the [59(e)] motion to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count for purposes of applying § 2255's "second or successsive" provision.

Therefore, the Fifth Circuit precedent as "a motion under Rule 60(b) is the equivalent to a second or successive habeas petition subject to the standard of section 2244(b)". Kutzner v. Cockrell, 303 F.3d 333, 338 (5th Cir. 2002); see also Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999) and holding "the Petitioner's Rule 59(e) motion is properly construed as a second § 2255 motion. See United States v. Anderson, no. 95-040, 1998 WL512991, at *1-2 (E.D. LA. 1998)" as listed in the Order & Reasons - December 15, 2005 (See Exhibit B) has been overturned by Castro v. United States, 537 U.S. 1170 (2003).

Furthermore, Justice Scalia, joined by J. Thomas in Castro

-8-

explaining that the court would go further and hold that [59(e)] "pleadings should never be recharacterized into a second or successive because even fully informed district courts that try their best not to harm pro-se litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from recharacterization." Id at 387-88 (Scalia, J. concurring).

## MISCARRIAGE OF JUSTICE GATEWAY EXCEPTION

The principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration. Murray v. Carrier, supra, 477 U.S. at 496 (quoting Eagle v. Isaac, supra, 456 U.S. at 135).

As seen in Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct 2639, 2649, 91 L.Ed.2d 397 (1986) requiring Petitioner to show a constitutional violation has resulted in the conviction of one who is "actually innocent" and if such factual innocence is shown the miscarriage of justice exception functions as a gateway permitting a habeas petitioner to have considered on the merits claim of the constitutional error that would otherwise be procedurally barred. See Schulp v. Delo, 513 at 315-16, 115 S.Ct at 861; Herrera v. Collins, 506 U.S. at 404, 113 S.Ct at 862.

The miscarriage of justice exception is rooted in a basic principle, which Justice Kennedy described in the following

-9-

way: "Our law must not become so caught up in procedural niceties that it fails to sort out simple instances of right from wrong and give some redress for the latter." ABF Freight System v. NLRB, 510 U.S. 317, 325 (1994). The Court supplements its willingness to sidestep procedural obstacles upon a showing of the Petitioner's probable innocence with a willingness to do the same when necessary: (1) to assure Federal Court redress for: (a) "structural defects in the Constitution of the trial mechanism". Brecht v. Abrahamson, 507 U.S. 619, 629 (1993) (quoting Arizona v. Fulminante, 499 U.S. 279, 280 (1991)). In Arizona v. Fulminante, a five-Justice majority of the Court elucidated structural defects in the Constitution of the trial mechanism are per se prejudicial. The existence of such defects - (i.e. 'affect substantial rights') - requires automatic reversal of the conviction because they infect the entire trial process. Cataloguing constitutional rights that "require reversal without regard to the evidence in the particular case ... [because they] render a trial fundamentally unfair". See Rose v. Clark, 478 U.S. 570, 577-78 (1986). Alternative ground for asserting a basic miscarriage of justice [and thereby avoiding habeas corpus preclusion based on a procedural default] would be a constitutional violation undermining "the structural integrity of the criminal tribunal itself" (quoting Vasquez v. Hillery, 474 U.S. 254, 263 (1986)).

## DRETKE V. HALEY

The Supreme Court in <u>Dretke v. Haley</u>, 124 S.Ct 1847 (2004), recognized some of the foregoing procedural complexities in addressing whether the miscarriage of justice exception to the procedural default doctrine "<u>applies where an applicant asserts 'actual innocence' of a noncapital sentence</u>." Id at 1849, confirming this Circuit's precedence in <u>Haley v. Cockrell</u>, 306 F.3d 257 (5th Cir. 2002); <u>Sones v. Hargett</u>, 61 F.3d 410 (5th Cir. 1995); <u>Smith v. Collins</u>, 977 F.2d 951 (5th Cir. 1992). The Supreme Court ultimately "declined to answer the question" in the posture of this case and instead held that "a Federal Court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all non-defaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Id at 1852.

Because the District Court failed first to consider alternative grounds for relief in light of the structural error urged by respondent's grounds that might obviate any need to reach the actual innocence question the Court vacated the judgment and remanded. See Id at 1849.

The Petitioner received a concurrent sentence of an exceptional 97 months in the unlawful application of the "159 Dismissed Counts" by the District Court's findings under the "preponderance of the evidence." The imposition of (the exceptional 97 months) a sentence in excess of the maximum authorized by the facts

-11-

Petitioner admitted to violated the Sixth Amendment. Therefore, the Petitioner was denied a Substantial Right. Substantive Due Process must be applied when Petitioner is unlawfully sentenced and/or incarcerated (after a proper interpretation of a criminal statute), which forbids the District Court under the Sixth Amendment to essentially convict a person of a crime without proving all the elements of that crime, "beyond a reasonable doubt." See Fiore v. White, 513 U.S. 225, 148 L.Ed.2d 629, 121 S.Ct (2001); quoting Jackson v. Virginia, 443 U.S. at 316, 61 L.Ed 560, 99 S.Ct 2781; In re Winship, 397 U.S. 358, 364, 25 L.Ed.2d 368, 90 S.Ct (1970).

In re Winship's reasonable doubt requirement applies to this instant case as well as facts not formally identified as elements of the offense charged. Patterson v. New York, 432 U.S. 197, 97 S.Ct 2319, 53 L.Ed.2d 281 (1977). Were it not for the alleged structural defects in the Constitution of the trial mechanism the defendant would have received a sentence of a Total Offense Level 20, Category I, 36-46 months sentencing range.

Correcting the constitutional error which undermined "the very integrity of the fact finding process" ought to be applied with Petitioner's claim. For the court not to address Petitioner's claim in light of the structural error would be a clear violation of the holding in Dretke v. Haley, 124 S.Ct 1847 (2004).

## CONCLUSION

Wherefore, the Petitioner prays that this Honorable Court Grant certification of the above questions, or in the alternative this Court has jurisdiction to re-open and rule on the 59(e) motion alleging a structural error.[*2]

Dated:  May 2, 2006                   Respectfully Submitted,

                                      *[signature]*
                                      Bryan A. Thomas, Sr.
                                      Register # 27128-034
                                      FCI Milan
                                      Post Office Box 1000
                                      Milan, Michigan  48160

---

[*2] Presently, the question before the Supreme Court is if <u>Apprendi</u> Error/Structural Error can ever be harmless. <u>Washington v. Recuenco</u>, U.S. No 05-83, argued April 17, 2006, should be decided by the end of this term (June 2006).

-13-

## CERTIFICATE OF SERVICE

    I, Bryan A. Thomas, Sr., hereby certify that on this 2nd day of May, I mailed via First Class, U.S. Mail, postage prepaid, the MOTION FOR CERTIFICATE OF APPEALABILITY to:

A.U.S.A. Ms. Dorothy M. Taylor
Hale Boggs Federal Building
501 Magazine Street, Second Floor
New Orleans, Louisiana 70130

Dated: May 2, 2006

Respectfully Submitted,

*/s/ Bryan A. Thomas, Sr.*
Bryan A. Thomas, Sr.
Register # 27128-034
FCI Milan
Post Office Box 1000
Milan, Michigan 48160